1
2
3
4
5
6
7
8
9      UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11
12
13
14

15  SERGIO SANCHEZ FAJARDO,               ) CV 13-08718-SH
                                          )
16                                        ) MEMORANDUM DECISION
                 Plaintiff,               ) AND ORDER
17        v.                              )
                                          )
18  CAROLYN W. COLVIN, Commissioner,      )
    Social Security Administration,       )
19                                        )
                 Defendant.               )
20  _____)

21        This matter is before the Court for review of the decision by

22  Commissioner of Social Security denying plaintiff's application for a period of

23  disability and Disability Insurance Benefits.  Pursuant to 28 U.S.C § 636(c), the

24  parties have consented that the case may be handled by the undersigned.  The

25  action arises under 42 U.S.C § 405(g), which authorizes the Court to enter

26  judgment upon the pleadings and transcript of the record before the

27  Commissioner.  The plaintiff and the defendant have filed their pleadings

28  (Plaintiff's Reply; Defendant's Brief in Support of Answer; Plaintiff's Opening

1

Brief) and the defendant has filed the certified transcript of record.  After reviewing the matter, the Court concludes that the Decision of the Commissioner should be reversed and remanded.

On January 28, 2010, plaintiff Sergio Fajardo filed an application for a period of disability and Disability Insurance Benefits, alleging an inability to work since February 23, 2008. (See Administrative Record ["AR"] 106-112). On March 14, 2011, after being denied initially and upon reconsideration, plaintiff requested a hearing on his claim. (AR 76).  Following a hearing on May 7, 2012 (see AR 35-54), the Administrative Law Judge ("ALJ") issued an unfavorable Decision on June 17, 2012. (See AR 21-30).  The ALJ determined that plaintiff had several severe impairments -- right shoulder and elbow injuries post right shoulder arthroscopic repair of rotator cuff tear and subacromial decompression, right ulnar nerve transposition, and depressive disorder; however, the ALJ found plaintiff was not disabled. (See AR 23-26, 30).

This became the final decision of the Commissioner of Social Security when the Appeals Council denied review. (See AR 1-8).  Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C § 405(g).

Although plaintiff characterizes his claim as one claim, plaintiff actually is making two challenges to the ALJ's Decision.  Plaintiff alleges the ALJ erred in: (1) asking an insufficient hypothetical question to the vocational expert by failing to include plaintiff's language barrier, and (2) failing to consider plaintiff's age.

For the reason discussed below, the Court finds that plaintiff's first claim of error has merit.  Since the case will be remanded for further proceedings regarding plaintiff's first claim of error, the Court will not address plaintiff's second claim of error.

# DISCUSSION

## ISSUE NO: 1

Plaintiff asserts that the ALJ erred by posing to the vocational expert ("VE") a hypothetical question that did not properly reflect plaintiff's English language barrier.  Defendant contends that this error was harmless because the vocational expert stated on cross-examination that the inability to communicate in English would not interfere with the jobs available to plaintiff in the national economy.[1]

At the administrative hearing, the ALJ asked the VE a hypothetical question with the following limitations: "a 49-year-old with a six grade education" and with several physical limitations. AR 48. When the VE asked for clarification regarding the hypothetical person's ability to communicate in English, the ALJ responded, "[He] cannot speak English but [can] communicate in English".  (AR 49).  The Court finds that statement incomprehensible. The VE then testified that the hypothetical person could perform the occupations of fast food worker (DOT 311.472-010), laundry worker (DOT 302.685-010), bench hand assembler of small parts (DOT 715.684-026), and escort vehicle driver (DOT 919.663-022). Id.

During cross-examination of the VE, plaintiff's counsel clarified the hypothetical question by stating the limitation that the "individual cannot communicate in English." (AR 50)  Focusing on the physical limitations, rather than on the language limitation, the VE stated that plaintiff could not perform the laundry worker job. (AR 51-52).  The ALJ then commented that with these

---

[1]      Social Security claims are evaluated according to a five-step sequential analysis. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). At step five, the ALJ bears the burden to establish that, even though the plaintiff cannot return to his or her prior type of work, there are other jobs that exist in substantial numbers in the national economy that the plaintiff can still perform, considering his or her residual functional capacity, age, education and work experience. See 20 C.F.R § 404.1520 (a)(i)-(v).

additional limitations "we'd find no jobs such a person could do who was so restricted."(AR 50).

In the Decision, the ALJ determined that, with respect to plaintiff's residual functional capacity, plaintiff "was not able to communicate in English, and is considered in the same way as an individual who is illiterate in English." (AR 29).  Relying on the VE's testimony following the *initial* hypothetical question (where the person *was* able to "communicate in English"), the ALJ determined there were jobs in the national economy that plaintiff could perform, specifically, fast food worker, laundry worker, bench hand assembler of small parts, and escort vehicle driver. (AR 29).

Here, the ALJ's initial hypothetical question to the VE was incomprehensible because it did not clearly take into account plaintiff's lack of ability to communicate in English, as found by the ALJ. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) ("Hypothetical questions posed to the vocational expert must set out all limitation and restrictions of the particular claimant…."); Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1279-80 (9th Cir. 1987).

Although defendant admits the ALJ erred in his hypothetical question to the VE, defendant contends the error was harmless because the VE during cross-examination did not focus on plaintiff's English language limitations when testifying about plaintiff's ability to perform the laundry worker job.  However, as noted above, the ALJ ignored the VE's testimony during cross-examination in making the determination about the jobs available to plaintiff in the national economy. It is clear to the Court that the VE actually considered plaintiff's lack of ability to communicate in English when he testified about the jobs available to plaintiff in the national economy.  Therefore, the ALJ's error was not harmless. See Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012)(holding that an error

cannot be deemed harmless if it is not "inconsequential to the ultimate nondisability determination.").

### **ORDER**

For the foregoing reasons, the Decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this Decision, pursuant to Sentence 4 of 42 U.S.C §405(g).  The hypothetical question to the vocational expert should reflect plaintiff's language limitation. See Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012)("Because the overall record shows these additional assumptions should have been incorporated into the ALJ's hypothetical, remand is appropriate.")

Dated: June 18, 2014

_____

STEPHEN J. HILLMAN
United States Magistrate Judge